Good morning, your honors. This is Silvana Petersen for Appellant John Romero Sarabia. First of all, I'd like to bring to the Court's attention that Appellant had filed a notice of withdrawal of his Blakely Booker issues. And although it was submitted to the Court in February, for some reason this notice wasn't entered in the docket. So hopefully that confusion you step back from the microphone just a little bit. It's you have to sort of find exactly the right distance and maybe that's better. All right. Hopefully that hasn't caused a confusion to the court and the court is aware of this. You're not asking for a for an amyling remand. No, I'm not. Because the appellant is already in the halfway house and he does not want to reopen his sentence. The only issues that are remaining are the restitution issues. And in regards to the restitution, the government has actually conceded that the amount of restitution was improper because it was based on uncharged conduct that was not part of the offense of conviction. The only dispute really is that the government believes that restitution is proper in this case, although it is a tax offense case because the defendant agreed to restitution in the plea agreement. However, the plea agreement is very ambiguous and there's nothing in the plea agreement that says that the defendant affirmatively agreed to pay restitution. There's the government. Seek this in the district court. What it calls restitution, which seems to me isn't restitution. They're asking that he pay over the money he should have paid over and didn't. But did the government ask for that relief as part of the sentence in the district court? I don't think that the government had requested restitution. Well, maybe when the government gets up, they can tell us. But it was a surprise to all parties that the Court had ordered restitution in this case. And as I said, the plea agreement was very ambiguous on this matter because the plea agreement didn't require restitution, did it? No. What the plea agreement said was in one section, not having to do with penalties or restitution, it said that the defendant was going to file amended returns. And then in a very ambiguous section, it said the Court may order the defendant to pay additional taxes, interest, and penalties. But nowhere did it affirmatively state that the defendant was agreeing to pay restitution. In fact, there would be a confusion, some sort of double recovery if he submitted amended returns. Well, in light of your withdrawal of the other issue, why don't we hear from the government now and see where we are. It could very well be that the government will say here what it said in its brief with respect to this restitution. I don't know. You still have that time to use and rebuttal if you wish. Thank you, Your Honor. Thank you. We'll hear from the government. Ms. Peterson. Ms. Villarreal. I had you reversed. Excuse me. Ms. Villarreal. May it please the Court. Your Honor, the government does concede that the district court erred in ordering restitution on the uncharged mail fraud offenses. However, the government does believe that a restitution order is appropriate in this case on the tax fraud offenses under 3660. I don't understand. Restitution, as I understand it, means you restore to somebody property or money that it once had and has taken from you. You never had this money, did you? You're not really asking, are you for restitution? It seems what you're asking is that the Court should include as part of the sentence telling him to pay the money that he owed the government, the tax money that he did not pay over. Why is that restitution? Your Honor, I don't believe that the standard is whether or not the government had already collected the money and it was thereafter taken from the government. The standard under 18 U.S.C. section 3663a3 is that the Court can order restitution in a non-Title 18 offense, in any offense where the parties to the plea agreement agree that the Court may order restitution. Your Honor, did you ask for restitution in the district court? In this particular case, Your Honor, the parties agreed in the section of the plea agreement titled Penalties and Restitution. It's on paragraph 4 of the plea agreement. The court may order defendant to pay any additional taxes, interests, and penalties that defendant owes to the United States. And so it was clearly contemplated that the part by the parties that the court could order this. But what is the significance of the fact that the district court did not accept the plea agreement? Well, in another portion of the plea agreement. Are you relying primarily, I take it, on that provision of the plea agreement, but the plea agreement was not accepted by the district court? Is the defendant still bound by what he committed himself to in the plea agreement, even though the plea agreement was rejected? Yes, he is, Your Honor. Pursuant to paragraph 21 of the plea agreement, it states that the court is not a party to this agreement and need not accept any of the U.S. Attorney's Office's sentencing recommendations or the parties' stipulations. And even if the court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation and or imposes any sentence up to the maximum established by statute, defendant cannot for that reason withdraw his guilty plea, and defendant will remain bound to fulfill all of defendant's obligations under this agreement. And so he is he the defendant did remain bound, even though the court was free to reject the plea agreement in its entirety, because the plea agreement was a separate contract between the government and the defendant. And here, that contract provided that the defendant would agree that the court could order restitution. Are you asking us to direct the district court to order restitution, or merely to send it back for the district court to consider whether to order restitution? Merely to send it back for the district court to develop a fuller record as to whether restitution was contemplated by this agreement, to the extent that the court, that the district court finds that the plea agreement is unambiguous, then, of course, the government would bear the burden for any lack of clarity. So what's your theory of restitution, that the government, he owes the government back taxes? Back taxes, penalties and interest. Did the government, did the district court order him to pay back taxes, though,  No, Your Honor. It's usually a standard order in these cases. It is typically a standard order for tax cases, and the district court did not do that in this particular case. I always thought that the obligation for collecting unpaid taxes was through an IRS proceeding of some sort, a civil proceeding, not as part of the sentencing process. Actually, Your Honor, I've handled, I'm sorry. I've handled numerous tax cases, and typically in tax cases, as one of the conditions of supervised release, district courts will order that defendants comply with their tax obligations by paying all past-due tax, taxes, penalties. Well, I gather if we were to send this back to Judge Reel, was it Judge Reel that handled it? Yes. If we were to send it back there, I guess one of the things he could do is change the terms and conditions of supervised release so that Mr. Saro-Revia has to pay back taxes or file back tax returns. That, if the court permits that, yes, that would be an option for the district court. Well, under your theory, this provision here would allow the court to do just that. Well, the government is asking for a remand to allow the district court to develop a fuller record. So when the government conceded that there was an error in ordering restitution based on uncharged conduct, it was really a matter of what the appropriate amount was, not whether restitution could be ordered or not. That's correct. The government is arguing that restitution is appropriate. Well, but it would be restitution to different people, wouldn't it? What the district court ordered was that they, that the defendant pay back to the victims of the fraud, whereas what you're saying is you want the defendant to pay over to the government to back taxes which had really not a part of a fraud. That was a different claim. Well, it was a tax fraud. And clearly — Well, I mean, it's not — nothing like the fraud of cheating people through this telemarketing scheme. This was — they collected the money from the — he collected the money from the employees and apparently didn't pay it over to the government. Well, Your Honor, while the IRS may not be as sympathetic of a victim as private citizens, the IRS can be considered a victim under Title 18, Section 3663A. The term victim is defined both as an individual and an entity, and the government has been considered to be a victim. But you're relying on the restitution statute, not on the sentencing statute, in terms of if it were sentencing only, arguably it could have — it could be made a condition of the sentence. That's correct. That the taxes be made current or whatever. That is correct. So which isn't? So either way, the district court should be permitted to either order restitution if the court finds that the plea agreement unambiguously requires that. I guess for me it's a little easier to understand the condition of the sentence rather than restitution. You're satisfied that there's adequate authority to order payment of taxes as part of  Yes, Your Honor. On the restitution statute? I think that there are two separate ways that — Well, he might dispute the amount of taxes that he owes, right? Up to a certain extent, yes. I mean, at a minimum, he needs to agree to the amount in the plea. A busy district court judge just might say, look, there's a condition of your terms and conditions of supervised release. File your back tax returns and pay all the taxes that you owe. Yes. And there are certain amounts that he's already agreed to. So at a minimum, it would be those amounts in the plea agreement. But isn't it rather critical whether this is part of the sentence or part of something else? Because the district court might say on the remand, as far as I'm concerned, I see no reason why his sentence should help the government collect back taxes they're owed to it. And that might well be a proper exercise of discretion, whereas it might be a quite different situation if what was happening was you were saying under a statute we have the right to get these back taxes without regard to what the sentence  We would argue both arguments, Your Honor. One, that the district court is required or permitted, rather, under the plea agreement to order restitution, and if the court doesn't order restitution, that the court is also permitted but not required to order the payment of taxes as a condition of supervised release. Is that something within the discretion of the court, whether to do so? Yes, it is, Your Honor. Mr. Garrell, I have one last question for you, and that is this. When you stood before the district court at the time of sentencing, did you ask the district court for the amount? No, Your Honor. Does that make a difference? We were not able to ask much in front of the district court. It was a very truncated hearing. Do you have any objection to the withdrawal of the Booker argument by opposing counsel? No, Your Honor. Thank you, counsel. Ms. Peterson, you have some reserved time. Anything further? No, Your Honor. Very fine. Thank you. Ms. Peterson, you have some reserved time. Let me see. If I understand, you say you withdraw the – what do you mean by withdrawing the Booker argument? You're not relying on Booker? That's correct. Since the defendant has pretty much served his sentence, he's in a halfway house. He does not want to be resentenced, you know, to receive, you know, less time or something like that. The only issues that he wants to raise is the restitution issue. He does not want to – So you're not – I just want to be clear on this. You are not in any way challenging the sentence insofar as the term of imprisonment was concerned. Right. We're not challenging the sentence at all, and I don't think it should be raised when the comment hasn't raised. Well, now, what about this tax issue? Because I'm puzzled. Is there authority for the proposition that the payment of taxes can be part of a restitution order? I can certainly understand it in the context of a condition of the sentence or supervised release or something like that. Well, yes, this is Appellant's main argument, that there is no statutory authority. And VWPA enumerates the statutes under which, you know, restitution is allowed. There's no statutory authority for this. The government, in their brief, had relied on a case of another circuit. I believe it was a Second Circuit case to say that if it's – if the parties agree to the restitution in a plea agreement, then restitution will be allowed, even if not envisioned by the VWPA. However, that's a case from another circuit. And in this case, even if that was true, it's – the plea agreement is completely ambiguous. And, of course, any ambiguity should be construed against the government. And the plea agreement did not say the defendant agrees to pay restitution. The defendant agreed to pay – to file amended returns prior to sentencing. So to say he agrees to restitution, you know, on a tax amount doesn't really make sense, you know, at all. So really, there is just no way of saying it. Is there evidence in the record that the amended returns were actually filed? No, I don't think that was on the record. But – and also, I don't believe that the issue of supervised release or, you know, other sentencing issues should be raised when Appellant has clearly stated he does not – he does not want to upset his sentencing since he's already pretty much served his time. And that's why he withdrew all the, you know, his Blakeley-Booker issues, which he rightfully could have raised. But he is raising the tax issue. Well, the restitution, because the court was in error in the word of restitution is not raising anything about supervised release, and I don't think that should be, you know, raised. Suppose we were to set aside the restitution that the district court ordered, that large sum of money to be repaid to the defrauded investors, and that's all we did. And what is left of the government's claim that it is owed money by your client for those taxes that it withheld from the employees and didn't pay over? Are they free, then, to bring another lawsuit against him to try to collect that money? I don't quite understand. You mean if everyone agrees that that large amount of restitution was improper, then all they could say in district court was give us restitution on the tax amount. But first of all, I don't think they even know what the tax amount is. Secondly, there's no authority for that. There just isn't any authority for asking restitution on the tax amount. And they didn't even request it originally. So I think it's improper that they would go back and request restitution when they hadn't. It seems to me rather peculiar that the validity of a government's attempt to collect these taxes that were not paid over should be litigated in the context of a sentencing dispute. It sounds to me like an independent question that should be litigated out. You say there's no authority for the government to get this money. The government says, yes, we have authority to get this money. And this seems to be decided as part of a sentencing dispute. Right. Well, I think there are other means for the IRS to collect taxes. And it has nothing to do with his sentence. And that's why it all seems very strange that there should be a restitution issue on a tax offense. It just does not make sense. It doesn't stop the IRS from going after him for not paying back taxes, right? Except for the case. Right. I mean, you know, obviously I don't know the tax law, but I can't see why, you know, that's their business. That's how you usually deal with back taxes. Well, thank you very much, counsel. Unless you have anything further? No. Thank you very much. Thank you very much. The case just argued will be submitted for decision.
judges: Friedman, O'scannlain, Paez